# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| NOLVIA BACALLAO | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:08CV1438 LG-RHW |
| | § | |
| BALBOA INS. CO. and | § | |
| JOHN DOES 1-10 | § | DEFENDANTS |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS CAUSE COMES BEFORE THE COURT on the Plaintiff's Motion For Reconsideration [24] of the Court's October 29, 2009 Memorandum Opinion and Order granting summary judgment in favor of Defendant Balboa Insurance Company. The Defendant filed a response in opposition, and Plaintiff replied. After due consideration of Plaintiff's Motion and the relevant law, it is the Court's opinion that the Motion is not well-taken and should be denied.

### DISCUSSION

While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004) (citing *Hamilton Plaintiffs v. Williams Plaintiffs,* 147 F.3d 367, 371 n.10 (5th Cir.1998)). If the motion is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Id*. The Plaintiff filed her Motion for Reconsideration 18 days after the Court's entry of its Memorandum Opinion and Order. It will therefore be considered under the Rule

60(b) standard.[1]

In reviewing Plaintiff's Motion, the Court finds arguments which were already made by the Plaintiff in her opposition to the Defendant's summary judgment motion. The issue before the Court was Plaintiff's standing to bring her suit - an issue on which she bore the burden of proof. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). As Plaintiff failed to provide any evidence that she was more than an incidental beneficiary of the insurance contract between her lender and Balboa Insurance Company, the Court finds no basis for reconsideration of its ruling under Rule 60(b). The Motion to Reconsider will therefore be denied.

---

[1] Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's Motion for Reconsideration [24] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 16th day of December, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE